95 F.3d 1152
 153 L.R.R.M. (BNA) 2832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MORGAN ARTCRAFT SCREENPRINT, INC., Respondent.
 No. 96-5836.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1996.
 
 National Labor Relations Board, No. 7-CA-36281.
 NLRB, 1995 WL 295809.
 ORDER ENFORCED.
 Before: MARTIN, KRUPANSKY, and DAUGHTREY, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its May 11, 1995, decision and order in Case No. 7-CA-36281 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36281 is hereby enforced. The respondent, Morgan Artcraft Screenprint, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain collectively with Sign, Pictorial and Display Union, Local 591, International Brotherhood of Painters and Allied Trades, AFL-CIO (the "Union"), as the exclusive collective bargaining representative of the unit employees by failing to remit to the Union dues which have been deducted from the paychecks of unit employees pursuant to valid dues checkoff authorizations.
 
 
 4
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 5
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 6
 (a) Remit to the Union all dues that have been deducted from the pay of its unit employees and that have not been remitted since September 30, 1994, with interest, as set forth in the remedy section of the Board's decision.
 
 
 7
 (b) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 8
 (c) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 9
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.